UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00139-GNS

CWI, INC.                                                                                          PLAINTIFF

v.

SMARTDOG SERVICES, LLC                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 6) and Defendant's Motion to Strike (DN 11). The motions are fully briefed and ripe for decision. For the reasons stated below, the Partial Motion to Dismiss is **GRANTED**, and the Motion to Strike is **DENIED**.

## I.     BACKGROUND

This action arises from a contractual dispute between Plaintiff CWI, Inc. ("CWI") and Defendant SmartDog Services, LLC ("SmartDog"). On or about July 22, 2013, the parties executed a "Zero-Dollar Master Service Agreement" ("Agreement") wherein SmartDog would provide software consulting services to CWI. (Pl.'s Resp. to Mot. to Dismiss 1, DN 9 [hereinafter Pl.'s Resp.]). The Agreement later was amended to include a "Statement of Work" provision. (Pl.'s Resp. 2). According to Plaintiff, SmartDog represented during negotiations that its employees would "primarily" conduct most of the work. (Pl.'s Resp. 2). During the performance of work under the Agreement, SmartDog allegedly breached its terms by utilizing subcontractors rather than SmartDog employees. (Pl.'s Resp. 2; Compl. ¶ 16, DN 1-1).

In the Complaint, CWI asserts claims of negligence, material misrepresentation/fraud, and breach of contract. (Compl. ¶¶ 17-32). In its Counterclaims, SmartDog asserts similarly claims of breach of contract, breach of implied warranty of good faith and fair dealing, negligence, fraud, and unjust enrichment against CWI. (Answer & Countercl. ¶¶ 41-65, DN 7).

## II. JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the value of $75,000 exclusive of interest and costs, and this matter is between citizens of different states.

## III. DISCUSSION

### A. Partial Motion to Dismiss

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citations omitted). A claim of fraud or mistake creates a

"high risk of abusive litigation," and therefore must also satisfy a more stringent pleading standard under Fed. R. Civ. P. 9(b). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007).

Under Kentucky law, a claim of fraudulent misrepresentation must be based upon a "past or present material fact," and "[a] mere statement of opinion or prediction may not be the basis of an action." *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (internal quotation marks omitted) (citation omitted).

Here, CWI alleges that SmartDog made material misrepresentations during the negotiations of the Agreement that SmartDog employees would "primarily" conduct the services outlined in the Agreement, rather than subcontractors. (Pl.'s Resp. 2). Under the paragraph of the Agreement entitled "Subcontracting," however, the contract expressly provides that "SmartDog reserves the right to subcontract Services to a qualified subcontractor. This subcontracting will not release SmartDog from its responsibility for its obligations under this Agreement and SmartDog will be responsible for the work performed by the subcontracted personnel as if they were directly employed by SmartDog." (Def.'s Mem. in Supp. of Partial Mot. to Dismiss, Ex. 2, ¶ 10, DN 6-2 [hereinafter Agreement]).

Plaintiff's fraud claim is based upon an oral misrepresentation to act in the future, which is contradicted by the express terms of the Agreement. This contract's merger clause provides

> This Agreement and Addendums constitute the entire Agreement between SmartDog and Client. Addendums may include but are not limited to schedules, statement of works, SRs, modifications or addendums. This Agreement supersedes all previous Agreements, whether oral or written. Except as allowed herein, this Agreement shall not be modified or amended except by written document signed by all parties hereto. No Purchase Order or other ordering document that purports to modify or supplement this Agreement shall add to or vary the terms of this Agreement.

(Compl. Ex. 1, DN 1). As the Kentucky Supreme Court has recognized, "a 'merger clause' is a contractual provision to the effect that the written terms of the contract may not be varied by

3

*prior agreements* because all such agreements have been merged into the written document." *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013) (internal quotation marks omitted) (citation omitted). Under Kentucky law, however, "parties may not base a fraud in the inducement claim on their reliance on oral representations contrary to the terms of written agreements or disclaimers that they have acknowledged in writing." *Fifth Third Bank v. Waxman*, 726 F. Supp. 2d 742, 752 (E.D. Ky. 2010) (citing *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. App. 2003). *See also Durbin v. Bank of the Bluegrass & Tr. Co.*, No. 2005-CA-001292-MR, 2006 WL 1510479, at *2 (Ky. App. June 2, 2006) ("We agree with the Bank that a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing. Clearly, any oral representations by the Bank stating that the Durbins would not be liable on the note would have directly conflicted with the express written language of the note."). Future intent also does not give rise to a claim of misrepresentation. *See PCR Contractors, Inc. v. Danial*, 354 S.W.3d 610, 614 (Ky. App. 2011) ("[A] misrepresentation to support an allegation of fraud must be made concerning a present or pre-existing fact, and not in respect to a promise to perform in the future." (internal quotation marks omitted) (quoting *Filbeck v. Coomer*, 182 S.W.2d 641, 643 (Ky. 1944))). Therefore, Plaintiff's fraud claim will be dismissed.

Further, Plaintiff also fails to plead its claim for fraud with particularity as required by Fed. R. Civ. P. 9(b). At a minimum, Plaintiff must plead the following in order to state a claim: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Ind. State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v.*

4

*Omnicare, Inc.*, 583 F.3d 935, 943-44 (6th Cir. 2009) (internal quotation marks omitted) (citation omitted).

In this case, CWI has failed to identify the speaker of the alleged misrepresentations or assert that any specific agent of the company made these representations. Rather, CWI simply asserts that SmartDog made these misrepresentations. (Compl. ¶ 11). Similarly, CWI has not alleged with specificity when and where these representations were made; rather, CWI has simply stated the representations were made "during the negotiations" of the July 2013 and July 2014 agreements. (Compl. ¶ 11). This Court has previously held such vague claims are insufficient to meet the heightened pleading standard under Fed. R. Civ. P. 9(b). *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 730 F. Supp. 2d 683, 697 (W.D. Ky. 2010) (finding plaintiff's inability to identify speaker and broadly stating the misrepresentation occurred "during purchase negotiations" did not comply with pleading standards under Fed. R. Civ. P. 9(b)). Because CWI has made no specific allegation of who made the alleged misrepresentations or when and where they occurred, CWI has not met the minimum pleading standards of Fed. R. Civ. P. 9(b), and Plaintiff's fraud claim must be dismissed.

**B.** **Motion to Strike**

SmartDog moves for a motion to strike CWI's Answer on the sole basis that CWI did not act in good faith by generally denying the allegations set forth in SmartDog's Counterclaims. (Def.'s Mot. to Strike 3, DN 11 [hereinafter Def.'s Mot.]). The Court rejects this argument.

Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to avoid the expense of "litigating spurious issues" by dispensing with them before trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)

(citations omitted). "When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party." *Boultinghouse v. Herrington*, No. 4:14-CV-00100-JHM, 2016 WL 324527, at *1 (W.D. Ky. Jan. 26, 2016) (citation omitted).

Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citation omitted) (citations omitted). In addition, "motions to strike are disfavored, because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Herrington*, 2016 WL 324527, at *1 (internal quotation marks omitted) (citation omitted).

In general, such motions are disfavored and infrequently granted in this jurisdiction. *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Rule 8 provides that "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted," and "[a] party that intends in good faith to deny only part of the allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(3), (4). Rule 12 provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Noncompliance with Rule 8, however, does not provide a proper basis to strike a pleading. *See Herrington*, 2016 WL 324527, at *1-2.

SmartDog has not established how it is prejudiced by CWI's Answer to its Counterclaims and implies SmartDog was not prejudiced at all by any perceived lack of specificity. Specifically, SmartDog notes CWI "only had to look to its own complaint" to "properly answer" SmartDog's Counterclaim. (Def.'s Reply to Mot. to Strike 1, DN 11). SmartDog, however, also

6

had access to the Complaint, which undermines any argument of prejudice. Further, the Court does not find the contents of the Answer to be so insufficient as to warrant the extreme remedy of striking a pleading under Rule 12(f). *See Herrington*, 2016 WL 324527, at *1-2. Therefore, the Court declines to grant the drastic remedy of striking a pleading, and SmartDog's motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Defendant's Partial Motion to Dismiss is **GRANTED** (DN 6), and Defendant's Motion to Strike (DN 11) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
May 6, 2016

cc: counsel of record